**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 08-4019**

———————

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

DWIGHT EUGENE MASON,

          Defendant - Appellant.

———————

**No. 08-4021**

———————

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

DWIGHT EUGENE MASON,

          Defendant - Appellant.

———————

Appeals from the United States District Court for the Middle
District of North Carolina, at Durham.  William L. Osteen, Jr.,
District Judge.  (1:07-cr-00134-WO-1; 1:07-cr-00281-WO-1)

———————

Submitted:  June 11, 2009      Decided:  July 17, 2009

———————

Before TRAXLER, Chief Judge, and NIEMEYER and SHEDD, Circuit
Judges.

———————

Affirmed by unpublished per curiam opinion.

---

Terry F. Rose, Smithfield, North Carolina, for Appellant. Angela Hewlett Miller, Patrick Auld, Assistant United States Attorneys, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dwight Eugene Mason pled guilty to possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(B) (2006). He appeals the imposition of concurrent sentences of 262 months' imprisonment for that offense, and twenty-four months' imprisonment for violation of a supervised release term imposed following a prior conviction for possession of firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (2006).

On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), noting no meritorious issues for appeal, but questioning whether the district court erred in denying a downward departure based upon Mason's career offender designation, resulting in a sentencing range more severe than necessary in light of the factors set forth in 18 U.S.C. § 3553 (e) (West 2000 & Supp. 2008).[*] Mason filed a pro se supplemental brief, contending that the district court erred in sentencing him as a career offender, and that the sentence imposed was unreasonable. Finding no error, we affirm.

---

[*] Given the nature of counsel's arguments we construe his contention as a request for a downward variance. We note that a district court's decision not to depart downward from the Sentencing Guidelines is unreviewable so long as the district court understood it possessed the authority to depart. See United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

We have reviewed the record and conclude that the district court complied with the requirements of Fed. R. Crim. P. 11. We further find that the district court did not abuse its discretion in sentencing Mason as a career offender, and imposed sentences that are procedurally and substantively reasonable. See Gall v. United States, 128 S. Ct. 586, 597 (2007) (review of sentence is for abuse of discretion).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such filing would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED